Mr. James L. Sullivan, Director Department of Consumer Affairs, Regulation, and Licensing 505 Missouri Boulevard Jefferson City, Missouri 65101
Dear Mr. Sullivan:
This opinion is in response to the question you asked as follows:
 "`Lloyd's, New York', (hereinafter referred to as `Applicant'), an aggregation of individual underwriters having its principal office in New York, New York, has filed an application (Exhibit 1) with the Missouri Division of Insurance for a certificate of authority which would authorize and empower the applicant to transact fire, allied lines and marine insurance in the State of Missouri.
 "Please favor us with an opinion advising whether the Director is authorized by law to issue a certificate of authority to said `Lloyd's, New York' under Sections 375.791
to 375.831, RSMo 1969.
 "If the answer to the above interrogatory is affirmative, please advise what kind or kinds of business said `Lloyd's, New York' may be authorized to write in the State of Missouri."
Your opinion request further notes:
 "Applicant was organized in the State of New York in 1892. It is authorized to write in its domiciliary state fire and allied lines, inland and ocean marine and auto physical damage insurance, which are the same lines of authority requested to be written in Missouri with the exception of auto physical damage. Applicant is currently licensed to transact the business of insurance in the following states: Alabama, Arizona, Arkansas, California, Florida, Georgia, Illinois, Kentucky, Louisiana, Mississippi, New Mexico, New York, North Carolina, South Carolina, Tennessee, and Texas."
The insurance laws of the state of New York state:
Article 12, Section 425, paragraph 1:
 "Within the meaning of this chapter the term `Lloyds underwriters' shall mean any aggregation of individuals, who under a common name engage in the business of insurance for profit through an attorney-in-fact having authority to obligate the underwriters severally, within such limits as may be lawfully specified in the power of attorney, on contracts of insurance made or issued by such attorney-in-fact, in the name of such aggregation of individuals, to and with any person or persons insured."
Article 12, Section 425, paragraph 3:
 "Except as the context otherwise requires, every such Lloyds underwriters shall be subject to all of the provisions of this chapter [Article 7] which are applicable to reciprocal insurers."
Article 12, Section 425, paragraph 4:
 "No Lloyds underwriters shall hereafter be organized in this state and no foreign or alien Lloyds underwriters shall be licensed to do an insurance business in this state."
Applicable Missouri statutes are:
Section 375.786, RSMo Supp. 1975 states in part:
 "1. It shall be unlawful for any insurance company to transact insurance business in this state, . . . without a certificate of authority from the director; . . ."
Section 375.791, RSMo 1969, provides:
 "1. Upon complying with the provisions of this chapter, a foreign insurance company organized under the laws of any state of the United States other than this state or the laws of any foreign government as a stock company, mutual company, assessment life company, reciprocal, fraternal benefit society may be admitted to transact in this state the kind or kinds of business which a domestic company similarly organized may be authorized to transact under the laws of this state.
 "2. No insurance company shall transact any business in this state on an admitted basis without first obtaining a certificate of authority issued by the superintendent of insurance as provided for in this chapter." (Emphasis added)
It is significant to note that Article 12, Section 425, paragraph 3, of the New York insurance laws was enacted in 1939. Apparently, this paragraph grandfathered in the then existing Lloyds underwriters associations providing that the insurance laws of the state of New York applicable to reciprocal insurers shall control the activities of the Lloyds association in that state.
In your opinion request, the paramount issue is whether the Director of Insurance under Section 375.791 is authorized to issue a certificate of authority to the applicant, a Lloyds association of the state of New York. It is clear from a reading of this section that there is no specific mention of a Lloyds association. This statute was enacted in 1967.
The basic rule of statutory construction is to ascertain the intention of the lawmakers from the words used, if possible, ascribing to the language its plain meaning, and to effectuate the intent found. In this case, upon complying with the provisions of the Missouri insurance laws, a foreign corporation organized under the laws of another state as a stock company, a mutual company, assessment life company, reciprocal, or fraternal benefit society may be permitted to do business in this state of the same kind as a domestic insurance company similarly organized under the laws of Missouri. It is our view that the types of foreign insurers which may be qualified to do business in this state under this section are specifically enumerated. The language of the statute is, therefore, mandatory in that the specific mention of certain types of insurance companies is to the exclusion of those which are not mentioned under the principle of expressio unius exclusio alterius.
82 C.J.S. Statutes § 333.
We do not believe that the provisions of Article 12 of the insurance laws of New York, Section 425, paragraph 3, makes the Lloyds association a reciprocal for the purposes of Missouri law. To reason otherwise would be to ignore the specific language of Section375.791.
CONCLUSION
It is the opinion of this office that under Section 375.791, RSMo 1969, the Director of the Division of Insurance of the state of Missouri is not authorized to issue a certificate of authority to Lloyds, New York.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Terry C. Allen.
Yours very truly,
 JOHN ASHCROFT Attorney General